UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRENCE PASCHALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-01046-JMS-MPB |
| WARDEN,[1] | ) ) ) |
| Respondent. | ) |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Terrence Paschall is serving a twenty-year sentence for his 2011 Marion County, Indiana, conviction for rape. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that the Indiana Department of Corrections (IDOC) has failed to properly calculate his sentence. For the reasons that follow, Mr. Paschall's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Factual and Procedural Background

On May 4, 2012, pursuant to a plea agreement, Mr. Paschall was sentenced to twenty years of imprisonment for rape. He did not file an appeal of his sentence at that time. On September 9, 2013, Mr. Paschall filed a petition for "Jail Time Credit." On September 16, 2013, the trial court modified Petitioner's sentence to include 326 days of credit as opposed to 298 days in the original sentence. On June 25, 2014, Mr. Paschall filed a motion to "Correct Erroneous Sentence." The

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

trial court denied the motion on July 3, 2014. Mr. Paschall filed a notice of appeal from the denial of his motion to correct erroneous sentence on July 15, 2014. However, the Indiana Court of Appeals dismissed his appeal on November 26, 2014, due to his failure to file an appellant's brief. Mr. Paschall did not seek review from the Indiana Supreme Court.

On April 3, 2017, Mr. Paschall filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Johnson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

## III. Discussion

Mr. Paschall asserts that the IDOC has failed to properly credit him with credit time earned towards his sentence. Dkt. 2 at 4. He asserts that the respondent has only credited him with 326 days when he should have been entitled to 652 days. *See* dkt. 2-2 at 1; dkt. 17 at 1; dkt. 21 at 1. The respondent asserts that Mr. Paschall's claim is barred by the statute of limitations, by

2

procedural default, is not cognizable and is without merit. Dkt. 16. In reply, Mr. Paschall reasserts that his time has not been properly calculated. Dkt. 21 at 1.

A. **Statute of Limitations**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The Indiana Court of Appeals dismissed Mr. Paschall's appeal on November 26, 2014. Dkt. 16-2 at 3. Mr. Paschall did not seek further review by the Indiana Supreme Court, but he had until December 26, 2014 to do so. *See* Rule 57(C) of the *Indiana Rules of Appellate Procedure*. His conviction became final on this date. Any petition for a writ of habeas corpus, therefore, was due one year later, on December 26, 2015. However, Mr. Paschall did not file this petition until April 3, 2017, over a year after the limitations period expired.

Mr. Paschall might be able to overcome the passage of the statute of limitations if he can show that the deadline should be equitably tolled. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Paschall does not argue that he should be entitled to equitable tolling, and instead argues that

3

"actual innocence" is a gateway to overcome the limitations period. However, Mr. Paschall does not explain how he is actually innocence. In short, Mr. Paschall's habeas petition is untimely and he has shown no reason for its untimeliness.

B.  **Procedural Default**

Even if Mr. Paschall's petition was timely, his claim is procedurally defaulted. "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

The Indiana Court of Appeals dismissed Mr. Paschall's appeal on November 26, 2014. Dkt. 16-2 at 3. Mr. Paschall did not seek further review by the Indiana Supreme Court. Because Mr. Paschall did not fairly present his claims to each and every level in the state court system, he failed to exhaust his state court remedies. At this juncture, this failure constitutes a procedural default of these grounds because he can no longer present his claims to the Indiana Supreme Court.

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008). However, Mr. Paschall does not address the procedural default issue or make the required showing. Accordingly, Mr. Paschall is not entitled to habeas relief.

### C. Calculation of his Sentence

Even if Mr. Paschall's petition were timely and he could overcome the procedural default bar, Mr. Paschall's claim lacks merit. Mr. Paschall argues the following math: (1) on May 4, 2012, he was sentenced to 20 years (7305 days), (2) pursuant to I.C. 35-50-6-3, the projected time to be served was 10 years (3327 days); (3) when he received the 326 days of credit time, 652 days should have been subtracted from 3327 days. *See* dkt. 21 at 1.

The respondent provided an Offender Information System Credit Calculation Detail and it reflects that Mr. Paschall has appropriately received 652 days of credit time. Dkt. 16-4 at 1. Prior to the correction, his remaining time was 7305 days. The remaining time was adjusted and now reflects a remaining time of (7305-652) = 6653 days. *Id.* Mr. Paschall's calculation above falters in two places. First, in his second step, the projected time to be served was 10 years or (7305 days)/2 or 3653 days – not 3327 days. Second, in his third step, the 326 days of credit time is subtracted from 3653 only once – this is because the projected time was already divided in half in the second step, and additional credit time would be inappropriate double crediting. Mr. Paschall's attempt at "double dipping" on his credit time calculation are unavailing.

Thus, Mr. Paschall is not entitled to habeas relief because his sentence was properly computed.

5

## IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before [her] claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations and procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied with prejudice**. Judgment consistent with this Order shall now issue.

The clerk is **directed to update the docket** to reflect the substitution of Warden for Superintendent as the Respondent in this action.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/1/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRENCE PASCHALL
146997
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov